United States District Court
Southern District of Texas
**ENTERED**
August 06, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANEEL FASTER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-6252 |
| | § | |
| WARDEN, HOUSTON | § | |
| PROCESSING CENTER, | § | |
| | § | |
| Respondent. | § | |

### ORDER OF PARTIAL DISMISSAL

The petitioner, Aneel Faster, is currently in custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the Houston Processing Center in Houston, Texas. The petitioner is representing himself and has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") (Docket Entry No. 1), challenging his continued confinement.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[1] requires the court to promptly examine the petition and its attached exhibits and dismiss the petition, in whole or in part, if the face of the petition shows that the petitioner is not entitled to relief. Having reviewed the petition, the Court concludes that all but one of the petitioner's claims must be dismissed.

---

[1] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. See Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

The petition raises three claims for relief: 1.) That Faster's prolonged detention violates his right to due process; 2.) That his bond hearing, which resulted in denial of bond, violated due process; and 3.) That inadequate medical care at the detention facility violates his constitutional rights. Claims 2 and 3 must be dismissed.

Claim 2 is that the petitioner's bond hearing did not satisfy the requirements of due process. The petition states that Faster's appeal to the Board Of Immigration Appeals is still pending. Therefore, this claim is unexhausted and not yet ripe. Moreover, District Courts do not have jurisdiction over challenges to immigration bond decisions. See 8 U.S.C. § 1226(e); Beltran v. Wolf, 473 F.Supp.3d 688, 692 (W.D. Tex. 2020).

Faster's third claim, that the medical care provided at the detention facility is inadequate, challenges the conditions, not the fact, of Faster's confinement. Conditions of confinement claims are not cognizable in habeas corpus, but must be brought in a civil rights suit.

> Generally, [civil rights] suits are the proper vehicle to attack unconstitutional conditions of confinement . . .. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir.1994). A habeas petition, on the other hand, is the proper vehicle to seek release from custody. *See Pugh v. Parish of St. Tammany,* 875 F.2d 436, 439 (5th Cir.1989).

*Carson v Johnson,* 112 F.3d 818, 820 (5th Cir. 1997). Therefore, relief on this claim is not available in habeas corpus.

For the foregoing reasons, Claims 2 and 3 are **DISMISSED**. The Court will conduct proceedings on Claim 1.

The Clerk shall provide a copy of this Order to the parties.

**SIGNED** at Houston, Texas, on this 6th day of August, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE