United States District Court
Southern District of Texas
**ENTERED**
September 11, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANEEL FASTER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-6252 |
| | § | |
| MARTIN FRINK, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Aneel Faster ("Petitioner"), a citizen of Pakistan, was admitted to the United States on a B2 tourist visa on March 16, 2025, with authorization to remain until September 15, 2025.[1] On February 21, 2026, Petitioner was taken into immigration custody and was served with a Notice to Appear, charging him with removability under § 237(a)(1)(B) of the Immigration and Nationality Act.[2] On March 18, 2026, after a bond hearing, an immigration judge denied Petitioner a bond, finding that he was a flight risk.[3] On April 7, 2026, Petitioner was ordered removed from the United States to Pakistan.[4] Petitioner has appealed that decision and remains in immigration custody under § 1226.[5]

---

[1]Motion for Stay and Summary Judgment and Response to Habeas Petition ("Respondent's MSJ"), Docket Entry No. 9, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondent's MSJ, Docket Entry No. 9, p. 2.

[3]Id.

[4]Id.

[5]Id.

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Habeas Petition") (Docket Entry No. 1) and Respondent's Motion for Summary Judgment (Docket Entry No. 9).

Petitioner argues that the determination of his bond was not in accordance with due process.[6] This court does not have jurisdiction over such a claim. Fuentes v. Lyons, 808 F.Supp.3d 733, 737 (S.D. Tex. 2025) ("Thus, district courts do not have jurisdiction to review discretionary decisions made by an [immigration judge] regarding bond."). Accordingly, this claim will be dismissed without prejudice for lack of jurisdiction.

Petitioner also argues that his detention without a bond hearing and the conditions of his confinement violate due process.[7] Because these issues have been repeatedly addressed by the court, there is no reason to delay ruling on them. For the reasons explained below, both claims will be denied.

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez v. Bondi,166 F.4th 494, 498, 502 (5th Cir. 2026). This mandatory detention does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721–22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because

---

[6]Habeas Petition, Docket Entry No. 1, p. 6 ¶ 13.

[7]Id.

Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

Moreover, Petitioner's claim regarding the conditions of his confinement are "not cognizable under the court's 28 U.S.C. § 2241 habeas jurisdiction." Francois v. Garcia, 509 F.Supp.3d 668, 673 (S.D. Tex. 2020).

For the reasons explained above, Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DISMISSED in part** and **DENIED in part**. Petitioner's claim that his bond hearing was not in accordance with due process is **DISMISSED for lack of jurisdiction**. Petitioner's remaining claims are **DENIED.**

The court will enter a final judgment in favor of Respondent.

**SIGNED** at Houston, Texas, on this 11th day of September, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE